IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELVIN E. JOHNSON,                          }
FCI NO.16642179,                            }
         Plaintiff,                 }
v.                                          }        CIVIL ACTION NO. H-07-1093
                                   }
NORTH FOREST ISD, *et al.*,                 }
         Defendants.                }

OPINION ON DISMISSAL

        Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint against the Federal Bureau of Investigation ("FBI"), North Forest Independent School District, and Smiley High School, alleging the loss of personal property and the negligent infliction of emotional distress.  On March 28, 2008, the Court found that all of plaintiff's civil rights claims failed as a matter of law and granted defendants' motions to dismiss.  (Docket Entry No.20).  The Court retained the claim that plaintiff filed under the Federal Torts Claims Act ("FTCA") and directed him to name and serve the United States as a defendant in this suit. (*Id.*).

        In his amended complaint entitled "Complaint and Claim for Money Damages for Personal Injury and Loss of Property Caused by the Negligent and Wrongful Acts and Ommissions [sic] of Government Employees While Acting Within the Scope of Their Offices or Employment," plaintiff alleges that FBI Special Agent Leonard Carollo ("Carollo") and/or his designees seized plaintiff's personal items from plaintiff's classroom without a warrant during a criminal investigation involving possession of child pornography.   (Docket Entry No.21). Plaintiff's wife was informed by a Smiley High School administrator that the FBI had padlocked

1

plaintiff's classroom and that neither the administrator nor plaintiff's wife could retrieve plaintiff's property from the room.  (*Id*.).  Plaintiff's wife sought return of the property from the FBI without success.  (*Id.).*  Plaintiff also contacted the FBI and school district administrators about the confiscated property but to no avail.  (*Id.*).  Plaintiff filed the form prescribed by the Justice Department regarding the seized property but the FBI failed to make a timely disposition of his claim as required by federal regulation.  (*Id.*).  Plaintiff requests that his property be returned to him and that he be compensated for the property and for his emotional distress.  (*Id.*).

Defendant, the United States of America, moves for summary judgment or alternatively for dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entry No.25).  For the reasons to follow, the Court will grant defendant's motion to dismiss.

DISCUSSION

Rule 12(b) (6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (*Id.*).

A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The FTCA provides that the United States can be liable in tort for any wrongful or negligent act or omission of one of its employees ". . . while acting within the scope of his office under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  As relevant here, the FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  *Id.* The FTCA, however, contains exceptions to the waiver of sovereign immunity.  These exceptions are to be strictly construed in favor of the United States. *Jeanmarie v. United States*, 242 F.3d 600, 604-05 (5th Cir. 2001).  One such exception applies to all claims that arise from the "detention of goods, merchandise, or other property" by any federal law enforcement officer while performing his lawful duty.  28 U.S.C. § 2680(c).  The Supreme Court has held that

section 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S.Ct. 831, 840 (2008). "The term 'law enforcement officer' is broadly interpreted to include all law enforcement officers, and thus includes FBI agents." *Lippman v. City of Miami*, 622 F.Supp.2d 1337, 1343 (S.D. Fla. July 24, 2008).

"If a claim against the United States falls under § 2680(c), federal courts lack subject matter jurisdiction to entertain it." *See Johnson v. U.S.,* 323 Fed. Appx. 310, 311-12 (5th Cir. 2009) (citing *City of Garland v. Zum Indus., Inc*., 870 F.2d 320, 326 (5th Cir. 1989). Because plaintiff's claim arises from the alleged seizure of his items by a federal law enforcement officer, *i.e.,* FBI Special Agent Carollo, while performing his lawful duty, plaintiff cannot recover under the FTCA. *See Chapa v. U.S. Dept. of Justice*, 339 F.3d 388, 390-91 (5th Cir. 2003). Accordingly, plaintiff's pleadings, although liberally construed in his favor, fail to state a claim and are therefore, subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To the extent that plaintiff seeks return of the property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure,[1] plaintiff fails to contravene summary judgment proof that FBI Special Agent Carollo or any member of the FBI or other federal agency seized or otherwise possessed or controlled such property.[2]

---

[1] Rule 41(g) of the Federal Rules of Criminal Procedure permits "[a] person aggrieved . . . by the deprivation of property [to] move for the property's return." FED. R. CRIM. P. 41(g). A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action for return of property. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). Such proceeding invokes the Court's general equity jurisdiction under 28 U.S.C. §1331. *Id.*

[2] FBI Special Agent Leonard Carollo ("Carollo") states in his Sworn Declaration that he was the agent in charge of the criminal investigation and subsequent prosecution of plaintiff concerning the receipt and possession of child pornography. (Docket Entry No.25-2, page 1). Carollo states that plaintiff's "classroom was never searched nor were any items of property ever removed by FBI personnel or those acting on behalf of the FBI from the classroom

4

<u>CONCLUSION</u>

Accordingly, the Court GRANTS the United States' Motion to Dismiss and alternatively, its Motion for Summary Judgment (Docket Entry No.25).  Plaintiff's complaint is DISMISSED WITH PREJUDICE.  All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 2nd day of September, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

used by Johnson at any time during the course of the investigation."  (*Id.*, pages 1-2).  Carollo indicates that "at no time was any classroom being used by Johnson ever entered, much less searched, nor was any property ever removed from any classroom."  (*Id.*, page 2).  Carollo further indicates that "at no point did FBI personnel secure Johnson's classroom, nor did FBI personnel direct anyone, including representatives of North Forest Independent School District, to secure Johnson's classroom."  (*Id.*).  Carollo states that he reviewed the list of items attached to plaintiff's complaint and FBI records pertaining to the criminal investigation and that he has found no record of the allegedly missing items and that he has no recollection of ever seeing such items.  (*Id.*).  Carollo notes the items seized pursuant to a search warrant from plaintiff's residence and states that these items, with noted exceptions, were returned to plaintiff's wife or his designee.  (*Id.*).  Plaintiff's school identification card and discs containing child pornography were destroyed by the FBI after plaintiff was convicted.  (*Id.*).